UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **DARRELL BRACEY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 18-30148-MGM** |
| | ) | |
| **WARDEN SPAULDING** | ) | |
| **Respondent.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**MASTROIANNI, D.J.**

Before the Court is Petitioner Darrell Bracey's ("Bracey") petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("the Petition" or "Pet.", ECF No. 1) seeking relief under the savings clause of 28 U.S.C. §2255(e), Respondent Warden Spaulding's ("Respondent") Motion to Dismiss and Memorandum ("the Motion" or "Mot.", ECF No. 9, and "Respondent's Memorandum" or "Resp. Mem.", ECF No. 10), and Bracey's Reply to the Respondent's Opposition to his Petition for Writ of Habeas Corpus—Pursuant to 28 U.S.C § 2241 ("the Opposition" or "Opp.", ECF No. 14).  For the reasons stated below, the Motion is <u>ALLOWED</u> in part and <u>DENIED</u> in part, and this action is <u>TRANSFERRED</u> to the Fourth Circuit Court of Appeals.

I.    <u>Background</u>

Bracey was at the time the Petition was filed a federal prisoner incarcerated at Federal Medical Center - Devens in Ayer, Massachusetts.[1]  In 1995, Bracey was convicted by a jury in the district of Maryland of conspiracy to distribute heroin and cocaine with his uncle, Linwood Gray ("Gray") and others, and sentenced to serve to a 360–month term of imprisonment:

---

[1] According to the Bureau of Prisons Prisoner Locator website, Bracey was released on May 7, 2020. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited on April 9, 2021).

> *Five witnesses testified at trial* as to the participation of …Bracey in the conspiracy. Joyce Chambers, Sean Washington, Troy Davis, Terrance Bailey and Linwood Gray II all stated that Bracey and Humphries were regularly involved in Gray's drug activities. This evidence established that Humphries was a supplier of both drugs and "cutting" agents to Gray, and a key member of the conspiracy. Although it appears that Bracey occupied a lesser role-he acted primarily as a driver for Gray-the testimony of the above witnesses provided proof that his involvement with Gray was not limited to his dealings with Chambers. *Instead, it appears that at various times during the conspiracy Bracey delivered or picked up both drugs and cutting agents, making him a member of the full conspiracy.*

*See United States v. Bracey,* 104 F.3d 359, 1996 WL 741129 (4th Cir. 1996) (Table) (emphasis supplied).  Bracey's conviction was affirmed. *Id.* Notably, the trial court determined that Gray committed perjury at trial in the face of videotaped evidence of his agreement to purchase a kilogram of heroin:

> The [trial] court found that Gray "willfully gave false testimony with regard to material facts." The district court based this finding on a comparison of Gray's behavior on a videotape, where he agreed to purchase a kilogram of heroin and took a gram of the heroin as a sample, and Gray's testimony that he was not a drug dealer and that he took the gram of heroin for "therapeutic" uses. The district court also found incredible Gray's testimony that he had sent his underlings to Amsterdam to purchase several kilograms of heroin as a part of a grand scheme to convince his son to quit drug dealing and return to the straight and narrow.

Bracey, 104 F.3d 359 at * 8.  As the Respondent sets forth in their memorandum, Bracey's Section 2255 motions and subsequent applications for leave to file second or successive applications have failed.  Since 2009, Bracey has pursued a line of argument to breathe new life into his collateral attack that the government failed to disclose certain DEA-6 reports during trial that, according to Bracey, constitute "new" evidence establishing his actual innocence by calling into doubt trial witness Terrence Bailey's ("Bailey") credibility.  *See generally* Pet.  While Bracey has presented DEA-6 reports issue in some form to both the sentencing court and Fourth

Circuit, he has never presented the Fourth Circuit with his argument regarding a 2014 Affidavit of Gerald Cashwell ("Cashwell Affidavit").

In December 1997, Bracey filed his first 28 U.S.C §2255 motion ("the 1997 Petition"), which was denied on September 8, 1999. *See United States v. Gray*, No. CIVA DKC 97-4287, 2009 WL 4884523, at *1 (D. Md. Dec. 9, 2009). His request for a certificate of appealability was denied by the Fourth Circuit on September 18, 2000. *United States v. Bracey*, 230 F.3d 1355, 2000 WL 1339504 (4th Cir. 2000).

On April 6, 2007, Bracey (and his co-defendant Gray) moved unsuccessfully to reinstate the 1997 Petition under Fed. R. Civ. P. 60(b)(6). *See Gray*, 2009 WL 4884523, at *1. Bracey moved for reconsideration arguing, among other things that the government withheld DEA-6 reports related to Bailey, a testifying informant, that purportedly would have shown that Bailey fabricated evidence of being a kilogram heroin dealer. *United States v. Bracey*, Crim. No. 94-0241 (DKC), ECF No. 285 10-11. Three pages of DEA-6 reports and a May 5, 2003 Affidavit of James Bradley ("Bradley Affidavit") related to the DEA-6 reports were attached to the motion for reconsideration. *United States v. Bracey*, Crim. No. 94-0241 (DKC), ECF No. 285-6 1-3. The motion for reconsideration was denied. *United States v. Bracey*, Crim. No. 94-0241 (DKC), ECF No. 293, Memorandum Opinion (D. Md., June 21, 2012).

On May 3, 2012, Bracey filed a 28 U.S.C. §2241 petition in the District of Maryland *Bracey v. Warden*, Case No. 12-1356 (DKC), ECF No. 1, Petition for Writ of Habeas Corpus (D. Md. May 3, 2012) ("the 2012 Petition"). In the 2012 Petition, Bracey asserted actual innocence based upon "newly discovered" DEA-6 reports concerning Bailey. *Id.* The 2012 Petition was denied for Bracey's failure to meet his burden to demonstrate entitlement to Section 2241 relief

under Section 2255(e). *Bracey v. Warden*, Civ. No. 12-1356 (DKC), 2012 WL 2579340 (D. Md. July 2, 2012). Bailey's request for a certificate of appealability, was denied. *Id.*

On May 2, 2014, filed an unauthorized second or successive Section 2255 motion ("the 2014 Petition") in the District of Maryland, again asserting a failure to disclose DEA-6 reports. *See Bracey v. United States*, Case No. 94-0241 (DKC), ECF 303, Title 28 U.S.C. § 2255 Motion (D. Md. May 2, 2014). Eight of the eleven pages in the Petition before this Court were included in this motion. On June 3, 2014, the 2014 Petition was dismissed as an unauthorized second or successive petition. *Bracey v. United States,* Case No. 94-0241 (DKC), ECF 305, Order (D. Md. June 3, 2014).

On August 7, 2014, Bracey brought the same arguments relating to his purported actual innocence relating to the failed disclosure of DEA-6 reports to the Fourth Circuit in an application to file a second or successive application in the Fourth Circuit. *In re Darrell Bracey*, Case No. 14-394, ECF 2-1, Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. §§ 2254 or 2255 (4th Cir. Aug. 7, 2014). Attached to that application was a proposed Section 2255 motion that relies on the DEA-6 reports, eight pages of which are attached to the instant Petition. *See id.* ECF 2-2. On August 22, 2014, the Fourth Circuit Court of Appeals denied the application for leave to file a second or successive Section 2255 petition, which this Court surmises was based upon the newly discovered evidence standard under 28 U.S.C. § 2255(h)(1). *In re Darrell Bracey*, Case No. 14-394, ECF No. 4, Order (4th Cir. Aug. 22, 2014).

On November 30, 2017, Bracey and Gray filed a Rule 60(d)(3) motion in the sentencing court to set aside his conviction based on among other things 13 pages of DEA-6 reports and, for the first time, a copy of the Cashwell Affidavit, all of which also form the basis of this Petition.

*Bracey v. United States,* Case No. 94-0241 (DKC), ECF Nos.316, 316-2, and 316-4, Motion and Exhibits (D. Md. Nov. 30, 2017). The motion was denied on November 18, 2020. *Bracey v. United States,* Case No. 94-0241 (DKC), ECF Nos. 342 and 343, Order (D. Md. Nov. 18, 2020).[2] That court held that the evidence -- including the evidence now before this Court -- did not rise to the level of a fraud on the court. *Id.*

While Bracey's co-defendant Gray sought to file a second or successive petition including, among other things, the Cashwell Affidavit in 2015, *In re Linwood Gray*, Case No15-131, ECF No. 2-5 9 (4th Cir. Feb. 19, 2015), which was denied, *Id.* ECF No. 4 (Feb. 25, 2015), Bracey has never sought permission to file a second or successive petition concerning the Cashwell Affidavit.

## II.    Discussion

A federal prisoner may not challenge the legality of his sentence through a writ of habeas corpus under 28 U.S.C. § 2241 unless, under 28 U.S.C. § 2255(e), often referred to as the "saving clause", it appears that his "remedy" under a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Id.* (emphasis added). The savings clause is not merely another step in the Section 2255 process. Indeed, "post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a

---

[2] The Court notes that this Order was only ordered to be transmitted to Gray and counsel of record. Id. ¶2.

convicted defendant *any* opportunity for judicial rectification.'" *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (citations omitted).  The law is clear however that, "[t]he savings clause 'cannot be used 'merely because § 2255 relief has already been denied ... or because petitioner has been denied permission to file a second or successive § 2255 motion ... or because a second or successive § 2255 motion has been dismissed.''" *Gomez v. Spaulding*, 18-CV-11200-DJC, 2020 WL 5570400, at *3 (D. Mass. Sept. 17, 2020) (quoting *Burgess v. Grondolsky*, No. 11-cv-12293-NMG, 2012 WL 139322, at *10 n.11 (D. Mass. Jan. 13, 2012)).  "To rule otherwise would reduce AEDPA's gatekeeping provisions to a meaningless gesture." *Trenkler*, 536 F.3d at 99.  "The bottom line is that adequacy and effectiveness must be judged *ex ante*." *Id.*  Too often *pro se* petitioners fail to recognize the distinction that it is the *remedy*, not the *result* that is under review.  To be sure, as here, Bracey's failure to even *attempt* to meet the procedural requirements to bring a second or successive petition under 28 U.S.C. §2255(h) as to the Cashwell Affidavit, arguably bars access to the savings clause. *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999).

Bracey seeks relief under the savings clause of 28 U.S.C. §2255(e), claiming "new" evidence consisting of: (1) DEA-6 forms(supported by the Bradley Affidavit), and (2) the Cashwell Affidavit, demonstrate Bracey's "actual innocence" and therefore his Section 2255 remedy is inadequate or ineffective.  Pet. 7.  But this tells only half the story.  While Bracey has previously submitted the DEA-6 reports and Bradley Affidavit to the sentencing court and DEA-6 Reports to Fourth Circuit, the Cashwell Affidavit appears to have been submitted by Bracey to the sentencing court only in the 2017 Rule 60(d)(3) motion.  *See* Respondent's Mem. 7-8.  Bracey does not respond to this

contention.  Further review of the Fourth Circuit docket reveals that Bracey's co-defendant presented the Cashwell Affidavit to the Fourth Circuit as part of his unsuccessful attempt in seeking permission to file a second or successive Section 2255 petition.  *In re Linwood Gray*, Case No15-131, ECF No. 2-5 9 (4th Cir. Feb. 19, 2015).  Nevertheless, the Cashwell Affidavit has apparently *never* been presented by Bracey to the sentencing court or Fourth Circuit under Section 2255 procedure, either as a Section 2255 motion, in an application for second or successive Section 2255 motion, or an authorized second or successive Section 2255 motion.[3]  Although the Respondents do not argue the point, where Bracey has *never* attempted to seek permission to file a second or successive Section 2255 petition with the "new" evidence of the Cashwell Affidavit, Bracey has not met his burden under 28 U.S.C. §2255 that his Section 2255 remedy is inadequate or ineffective.  See *Clark v. Spaulding,* CV 18-12250-MBB, 2019 WL 7039628, at *6 (D. Mass. Dec. 20, 2019); *Rodriguez v. Martinez*, 935 F. Supp. 2d 389, 405 (D.P.R. 2013) ("Petitioner has not requested the court of appeals' authorization. Since it is from the order of the court of appeals that this court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the above mentioned authorization. . . . Petitioner's resort to the savings clause should be rejected, principally when such resort is an attempt to bypass the procedural requirements of sections 2255.").

Recognizing that the Fourth Circuit likely will deny Bracey's application to file a second or successive petition, the Court in the alternative denies the resort to the savings clause on the

---

[3] The Court takes no position as to whether and how the Cashwell Affidavit may be presented to the sentencing court or the Fourth Circuit under Section 2255 procedure.

merits.  The First Circuit teaches that resort to the savings clause is permitted "in rare and exceptional circumstances," such as where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." *Trenkler*, 536 F.3d at 99.  The First Circuit has defined miscarriage of justice narrowly as "encompassing only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'"  *Id.* at 99 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)); *see United States v. Olano*, 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent.").  "Most courts have required a *credible* allegation of actual innocence to access the savings clause." *Id.* (emphasis added).  The Supreme Court has determined that actual innocence means "factual innocence, not mere legal insufficiency," and "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see Gaskins v. Duval*, 640 F.3d 443, 454 (1st Cir. 2011).  It is a high burden.

The Court concludes that Bracey has failed to meet his burden of presenting a *credible* claim of his actual innocence of his underlying crime, and therefore, he may not access the savings clause to proceed a Section 2241 petition in this Court under 28 U.S.C. § 2255(e).  First, even presuming without finding the evidence is new, as the Respondent argues, the Cashwell Affidavit is vague, second-hand conversation that a third-party had with Bailey.  Although Cashwell avers that Bailey told him that Bailey knew "little about Linwood [Gray] and his

supposedly (sic) involvement in drug activity, if there was any," and that he "lie[d] for the government" to avoid going back to prison, this affidavit does not necessarily contradict any specific facts relating to Bracey's conviction. *See* Cashwell Affidavit, ECF 1-1, 4. Notably, in the six years that have transpired since this affidavit was purportedly signed by Cashwell, Bailey has never recanted his testimony. Indeed, Gray apparently tried to get Bailey to do just that in 2013 after Bailey initially contacted Gray in prison. See *In re Linwood Gray*, Case No15-131, ECF No. 2-5 4-8 (4th Cir. Feb. 19, 2015).

Second, if the DEA-6 forms are to be believed, they do not support Bracey's selective reading. Rather, they indicate that during the Fall of 1993 through the Spring of 1994: (1) Gray was attempting to obtain heroin from a source in Pakistan, but was having difficulty and short of money, ECF 1-1, 7; (2) "major heroin dealers" were having difficulty securing heroin at that time, were asking Gray for heroin, and waiting for Gray to obtain more heroin; id.; (3) as of December 1993 Gray was "the most significant heroin trafficker in [Bailey's] area of operation" but that he "had been without heroin for several months," that he was trying to get $30,000 and couriers obtain heroin from overseas, and that Bracey "continue[d] to work for Gray." ECF No. 1-1 8; and (4) in May 1994, Gray was attempting to purchase a kilogram of heroin, ECF 1-1 15. As the Respondent correctly argues, the DEA-6 reports are not the panacea that Bracey claims because they do not substantially contradict the evidence cited by Bracey, and in any event the DEA-6 reports do not cover the entire time period. Resp. Mot. 15 n.15. Indeed, the conspiracy appears to have covered January 1991 through June 9, 1994. See ECF No. 10-6 33 (first page of Superseding Indictment). The allegation of actual innocence on the new evidence is therefore not a *credible* allegation of actual innocence.

Moreover, as the Respondent further argues, even crediting, *arguendo,* that the DEA-6 reports and the Cashwell Affidavit, at best, *might* be used to impeach Bailey, as Respondent correctly argues, impeachment is typically an insufficient showing of actual innocence. *See Conlan v. Hazlewood*, 17-CV-181-JL, 2017 WL 6464713, at *4 (D.N.H. Nov. 7, 2017). Further still, even if the purported new evidence *might* have led some jurors to disbelieve Bailey at trial or on retrial, the linkage is too tenuous to meet the demanding standard that "*in light of all the evidence*, it is more likely than not that *no reasonable juror* would have convicted him." *Bousley v. United States*, 523 U.S. 614 623 (1998) (emphasis added); *accord Gaskins v. Duval*, 640 F.3d at 454. Indeed, this Court only need highlight the Fourth Circuit's reference to trial evidence of Gray's ridiculous explanation to the jury that the purpose of sending his underlings to Amsterdam to purchase a kilogram of heroin was to somehow convince his son to get out of the drug business – an explanation, among other statements, that earned Gray an obstruction finding at sentencing:

> The district court also found incredible Gray's testimony that he had sent his underlings to Amsterdam to purchase several kilograms of heroin as a part of a grand scheme to convince his son to quit drug dealing and return to the straight and narrow.

Bracey, 104 F.3d 359 at * 8.[4]  Finally, Bracey makes absolutely no credible allegations with respect to his *own* participation in the drug conspiracy as determined by the jury at trial.

---

[4] Gray has submitted an affidavit in support of Bracey's opposition where he states under oath that, essentially, he was set up. *See* Sworn Aff. Linwood Gray, ("Gray Aff."), ECF No. 14-12. The Court gives the Gray affidavit little weight as wholly unreliable as Gray has made false statements to the trial court before. Moreover, the affidavit appears to contradict what the Fourth Circuit upheld as the findings of Gray's agreement to purchase a kilogram of heroin at the time he purchased the gram of heroin. Bracey, 104 F.3d 359, 1996 WL 741129 at * 8. Apparently, Gray now claims that he never agreed to purchase any quantity of drugs other than the gram that he purchased. *See* Gray Aff. ¶ 10. The Court need not and does not resolve this apparent factual discrepancy as it is unclear whether the transaction referenced by the Fourth Circuit was the same transaction referenced in Gray's affidavit.

The Court is not persuaded that Bracey has with his "new" evidence made a *credible* showing of actual innocence, and therefore the Court is similarly not persuaded of a complete miscarriage of justice.  At best the evidence *might* call into question Bailey's testimony, but that evidence does not overcome the evidence that established at trial that Gray was a major heroin dealer and that Bracey was involved in Gray's drug conspiracy.  Accordingly, Bracey has failed to meet his burden in demonstrating that his remedy is not inadequate or ineffective under 28 U.S.C. §2255(e) -- there is no miscarriage of justice apparent here on the purported new evidence -- and he is therefore not permitted to proceed under a Section 2241 petition in this Court.  The Court is thus without jurisdiction.

While the Court might otherwise be inclined to dismiss this Petition, in an abundance of caution, the Court construes the Petition as an unauthorized second or successive petition under 28 U.S.C. §2255, further construes the Petition as seeking permission to file a second or successive petition under 28 U.S.C. §2255(h)(1), and therefore it is in the interest of justice to transfer this action to the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. §1631.  *See Trenkler*, 536 F.3d at 98; *Barrett*, 178 F.3d at 41.

### III.   <u>Conclusion and Order</u>

For the reasons stated herein, respondent's Motion to Dismiss (ECF No. 7) is <u>ALLOWED</u> in part because Bracey has failed to meet his burden of persuasion under 28 U.S.C. § 2255(e) that his remedy under Section 2255 is inadequate or ineffective.  The Motion is <u>DENIED</u> in part to the extent that the petition (ECF No. 1) is construed as seeking authorization to file a second or successive petition under 28 U.S.C. §2255(h)(1).  It is further ordered that this action be <u>TRANSFERRED</u> to the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. §1631

as an application for authorization to file a second or successive Section 2255 petition.

**So Ordered.**

/s/ Mark G. Mastroianni
Dated:  April 10, 2021                    United States District Judge